UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORRENCE T. PALMS,<br><br>Plaintiff,<br>v.<br><br>RICH AUSTIN JR.,<br><br>Defendant. | CASE NO. C18-0838JLR<br><br>ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

## I. INTRODUCTION

Before the court are (1) *pro se* Plaintiff Torrence Palms's motion to remand this case to the King County District Court Small Claims Court (MTR (Dkt. # 8)); and (2) Defendant Rich Austin Jr.'s unopposed motion to dismiss Mr. Palms's complaint (Compl. (Dkt. # 1-1)) pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or alternatively, to require a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e) (MTD (Dkt. # 3)). The court has considered the submissions of the parties in support of and in

ORDER - 1

opposition to the motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES Mr. Palms's motion to remand (Dkt. # 8), GRANTS Mr. Austin's motion to dismiss (Dkt. # 3), and DENIES as moot Mr. Austin's motion for a more definite statement (Dkt. # 3). The court, however, GRANTS Mr. Palms leave to amend his complaint within 20 days of the date of this order.

## II. BACKGROUND

Mr. Palms is a registered longshoreman who is represented by the International Longshoremen's and Warehousemen's Union ("ILWU") Local 19 chapter ("Local 19"). (*See* Compl.; MTD at 2.) Mr. Austin is the President of Local 19 and Chairman of Local 19's Executive Board. (MTD at 1; MTR at 1.)

On May 2, 2018, Mr. Palms filed an action in the King County District Court Small Claims Court against Mr. Austin. (*See* Compl.) The "Statement of Claim" in the filing reads in its entirety:

> I am a[n] "A" registered Longeshoreman [sic], who was repeatedly injured on the job. I have been declared permanently and totally disabled by my treating physicians. W. Kitzinger #57750 made a motion to the Local 19 Executive Board and recommended the reactivation of the July 13, 1989 standing rule 5.02. I met the criterion of the 1989 standing rule 5.02 and the Executive Board unanimously approved me for the $5,000. On April 12, 2018[,] Rich Austin Jr. told the Union membership to vote the motion up or do away with the standing rule 5.02 altogether.

//
//
//

---

[1] The parties do not request oral argument on the motions (*see* MTD at 1; MTR at 1; Resp. (Dkt. # 10) at 1), and the court determines that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

(Compl. at 2.) In other words, Mr. Palms appears to allege that Mr. Austin denied him $5000 in benefits that he was entitled to under Local 19's standing rule 5.02. Standing rule 5.02 states:

> **5.02** 7/13/89 That any active "A" longshoreman who has been off work at least six (6) months due to injury/illness on or off the job, and is no longer receiving any federal, state or other forms of compensation, shall receive a one-time assessment of $5.00 from each member of ILWU Local #19. (Clarification: this motion will be activated when a request has been made to/and approved by the Executive Board.).

(Ewan Decl. (Dkt. # 4) ¶ 3, Ex. B at 36.)

On June 11, 2018, Mr. Austin removed this matter to this court, arguing that Mr. Palms's claim—to the extent one exists—depends on an interpretation of union contracts and therefore necessarily arises under federal law. (*See* Notice of Removal (Dkt. # 1) at 1-4 (citing 29 U.S.C. §§ 185, 501).) On June 19, 2018, Mr. Austin filed the present motion to dismiss, or alternatively, for a more definite statement. (*See* MTD.) Mr. Austin argues that Mr. Palms's complaint should be dismissed because Mr. Palms failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2), and because Mr. Palms failed to "exhaust the administrative grievance procedure" contained in Local 19's constitution and bylaws before filing this action. (MTD at 2, 5-8.) Alternatively, Mr. Austin requests that Mr. Palms provide a more definite statement of his claim because Mr. Austin cannot adequately respond to the claim as currently pleaded. (*Id.* at 8-9.) Mr. Palms did not respond to the motion. (*See generally* Dkt.)

//

On July 11, 2018, Mr. Palms filed a motion to remand, which he titled "Motion to Ammend [sic] Complaint." (*See* MTR at 1.) In the motion to remand, Mr. Palms alleges that Mr. Austin acted "outside of, and in direct violation of, his official duties as Local 19 President, [when he] spoke against the motion that was passed by the Executive Board on March 16, 2018," which approved compensating Mr. Palms pursuant to standing rule 5.02. (*Id.* at 1-2.) The focus of Mr. Palms's motion, however, is that this dispute is an "internal Union matter" and therefore should be remanded to small claims court. (*Id.* at 2.) In response, Mr. Austin reiterates that resolution of this case requires interpreting Local 19's constitution and bylaws. (Resp. at 2.) Accordingly, Mr. Austin argues, the case necessarily arises under federal law, making remand improper. (*Id.*)

The court first addresses the motion to remand. The court then addresses the motion to dismiss, or alternatively, to provide a more definite statement.

### III. ANALYSIS

#### A. Removal Standards

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether an action arises under federal law, courts apply the "'well-pleaded complaint rule.'" *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (quoting *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Under this rule, a claim arises under federal law

//

"only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

"A resulting corollary to the well-pleaded complaint rule, known as the complete preemption doctrine, provides that 'Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Toumajian*, 135 F.3d at 653 (quoting *Metro. Life*, 481 U.S. at 63-64). "[I]f a federal cause of action completely preempts a state cause of action[,] any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 24 (1983).

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244 (internal citation omitted). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

**B. Motion to Remand**

Mr. Palms claims that this case should be remanded to small claims court because it does not arise under federal law. (*See* MTR.) According to Mr. Palms, "[t]his dispute does not involve the [Union's] Collective Bargaining Agreement, it is an internal Union matter tantamount to a fine assessed against a member, and the proper mechanism for resolving unpaid fines is Small Claims Court." (MTR at 2.) Mr. Palms does not cite any

specific law or rule in his complaint beyond Local 19's standing rule 5.02 (*see* Compl. at 2), though he also cites standing rule 8.01 in his motion to remand (*see* MTR at 1). In contrast, Mr. Austin argues that Mr. Palms's claim—to the extent one exists—necessarily implicates 29 U.S.C. §§ 185 and 501 of the Labor Management Relations Act ("LMRA"), which completely preempt any state law claim. (Notice of Removal at 2-3; MTD at 6-7; *see generally* Resp.)

Under 29 U.S.C. § 185, section 301 of the LMRA, "[s]uits for violation of contracts . . . between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Union constitutions, bylaws, and standing rules are considered "contracts" within the meaning of section 301. *See Woodell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 99-101 (1991); *see also James v. Int'l Bhd. of Locomotive Eng'rs*, 302 F.3d 1139, 1146 (10th Cir. 2002) (explaining that a standing rule is part of a union's constitution). "[A] failure to follow the union's internal rules . . . constitutes a violation of the union's obligations to its members, and is actionable as a breach of contract under section 301(a)." *Ackley v. W. Conference of Teamsters*, 958 F.2d 1463, 1466 (9th Cir. 1992). Moreover, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

Mr. Austin argues that adjudication of Mr. Palms's claim requires the court to interpret Local 19's constitution and bylaws, specifically whether Mr. Austin violated

ORDER - 6

standing rule 5.02. (*See* Resp. at 5.) According to Mr. Austin, because section 301 is implicated in this manner, remand is improper. The court agrees.

Although the basis of Mr. Palms's action is not well spelled out, the court does not see a way that this matter could be adjudicated on its merits without interpreting Local 19's constitution. Thus, Mr. Palms's "claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers*, 471 U.S. at 220.

The court takes heed of Mr. Palms's assertion that section 301 is not implicated because this case does not involve a collective bargaining agreement. (*See* MTR at 2.) But a case need not involve a collective bargaining agreement to arise under section 301. *See Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146-47 (9th Cir. 1988). As *Newberry* explains, the Supreme Court has "twin tests" for determining whether a state law claim implicates section 301: "Does the application of state law 'require[] the interpretation of a collective-bargaining agreement,' or 'substantially depend[] upon analysis of the terms of an agreement made between the parties in a labor contract?'" *Id.* at 1147 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) and *Allis-Chalmers*, 471 U.S. at 220). Here, Mr. Palms's claim fits well within the *Allis-Chalmers* test because resolution will substantially depend on analyzing a term of a labor contract, i.e., Local 19's constitution. *See also Woodell*, 502 U.S. at 100-01 (explaining that lawsuits of individual union members against their local union for violations of the union constitution arise under section 301).

The court finds that removal of this matter was proper under 28 U.S.C. § 1441 because this case arises under federal law, namely 29 U.S.C. § 185. The court declines to

standing rule 5.02. (*See* Resp. at 5.) According to Mr. Austin, because section 301 is implicated in this manner, remand is improper. The court agrees.

Although the basis of Mr. Palms's action is not well spelled out, the court does not see a way that this matter could be adjudicated on its merits without interpreting Local 19's constitution. Thus, Mr. Palms's "claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers*, 471 U.S. at 220.

The court takes heed of Mr. Palms's assertion that section 301 is not implicated because this case does not involve a collective bargaining agreement. (*See* MTR at 2.) But a case need not involve a collective bargaining agreement to arise under section 301. *See Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146-47 (9th Cir. 1988). As *Newberry* explains, the Supreme Court has "twin tests" for determining whether a state law claim implicates section 301: "Does the application of state law 'require[] the interpretation of a collective-bargaining agreement,' or 'substantially depend[] upon analysis of the terms of an agreement made between the parties in a labor contract?'" *Id.* at 1147 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) and *Allis-Chalmers*, 471 U.S. at 220). Here, Mr. Palms's claim fits well within the *Allis-Chalmers* test because resolution will substantially depend on analyzing a term of a labor contract, i.e., Local 19's constitution. *See also Woodell*, 502 U.S. at 100-01 (explaining that lawsuits of individual union members against their local union for violations of the union constitution arise under section 301).

The court finds that removal of this matter was proper under 28 U.S.C. § 1441 because this case arises under federal law, namely 29 U.S.C. § 185. The court declines to

standing rule 5.02. (*See* Resp. at 5.) According to Mr. Austin, because section 301 is implicated in this manner, remand is improper. The court agrees.

Although the basis of Mr. Palms's action is not well spelled out, the court does not see a way that this matter could be adjudicated on its merits without interpreting Local 19's constitution. Thus, Mr. Palms's "claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers*, 471 U.S. at 220.

The court takes heed of Mr. Palms's assertion that section 301 is not implicated because this case does not involve a collective bargaining agreement. (*See* MTR at 2.) But a case need not involve a collective bargaining agreement to arise under section 301. *See Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146-47 (9th Cir. 1988). As *Newberry* explains, the Supreme Court has "twin tests" for determining whether a state law claim implicates section 301: "Does the application of state law 'require[] the interpretation of a collective-bargaining agreement,' or 'substantially depend[] upon analysis of the terms of an agreement made between the parties in a labor contract?'" *Id.* at 1147 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) and *Allis-Chalmers*, 471 U.S. at 220). Here, Mr. Palms's claim fits well within the *Allis-Chalmers* test because resolution will substantially depend on analyzing a term of a labor contract, i.e., Local 19's constitution. *See also Woodell*, 502 U.S. at 100-01 (explaining that lawsuits of individual union members against their local union for violations of the union constitution arise under section 301).

The court finds that removal of this matter was proper under 28 U.S.C. § 1441 because this case arises under federal law, namely 29 U.S.C. § 185. The court declines to

decide at this time whether Mr. Palms's action also implicates 29 U.S.C. § 501 for breaches of fiduciary duties by an officer of a labor organization against a member of the organization. 29 U.S.C. § 501(a)-(b); (*see also* Not. of Removal at 2.) The court also declines to decide whether Mr. Palms ignored Local 19's internal grievance policies when he filed this action without first following the procedures laid out in Local 19's constitution, or the implications of such a violation. (*See* MTD at 3; Resp. at 5.) In light of the lack of allegations in Mr. Palms's complaint, the court is uncertain whether Mr. Palms has pleaded these claims. And to make those determinations, the court would have to "supply essential elements of the claim that were not initially pled," which is improper. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). That said, reaching those questions would likely require the court to interpret Local 19's constitution and bylaws, thus bringing those claims within the scope of section 301. To the extent that Mr. Palms has pleaded state law claims that are outside the scope of 29 U.S.C. § 185, however, the court finds that supplemental jurisdiction over those claims would be proper, as all of Mr. Palms's claims are so related to his section 301 claim "that they form part of the same case or controversy." *See* 28 U.S.C. § 1367. The court therefore DENIES Mr. Palms's motion to remand this case to small claims court.

C. **Pleading Standards**

In the complaint, a plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "A motion

under [Federal Rule of Civil Procedure] 12(b)(6) tests the formal sufficiency of the statement of claim for relief. The Court's inquiry is whether the allegations state a sufficient claim under Fed. R. Civ. P. 8(a)." *Fednav Ltd. v. Sterling Int'l*, 572 F. Supp. 1268, 1270 (N.D. Cal. 1983); *see also Williams v. Yamaha Motor Co. Ltd*, 851 F.3d 1015, 1025-26 (9th Cir. 2017).

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation. *Id.* (citing *Twombly*, 550 U.S. at 555).

//

These rules apply even though Mr. Palms is proceeding *pro se*. Because Mr. Palms is proceeding *pro se*, the court must construe his complaint liberally while evaluating it under the *Iqbal* standard. *See Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011). Although the court holds the pleadings of *pro se* plaintiffs to "less stringent standards than those of licensed attorneys," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 198-99 (9th Cir. 1995). Additionally, the court should not "supply essential elements of the claim that were not initially pled." *Bruns*, 122 F.3d at 1257. Nevertheless, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (internal quotation marks omitted)).

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and therefore cannot reasonably be expected to frame a proper response." *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011) (internal quotations omitted). "[E]ven though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a

motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

**D. Motion to Dismiss**

Mr. Austin claims that Mr. Palms's complaint does not provide "a short and plain statement of the claim" pursuant to Federal Rule of Civil Procedure 8(a)(2), and therefore should be dismissed under Rule 12(b)(6). (MTD at 6.) The court agrees.

Mr. Palms's complaint is sparse (*see* Compl.), so much so that it fails to "contain sufficient factual matter" that states a claim for relief "that is plausible on its face." *Iqbal*, 556 U.S. at 678. Mr. Palms cites Local 19's standing rule 5.02 and claims that Mr. Austin "told the Union membership to vote the motion up or do away with the standing rule 5.02 altogether." (*Id.* at 2.) Nowhere in his complaint, however, does Mr. Palms allege that Mr. Austin violated any rule or procedure, or the manner in which a violation may have occurred. (*See id.*) In other words, Mr. Palms has not alleged any misconduct for which Mr. Austin is liable. *See Iqbal*, 556 U.S. at 663. Even construing the complaint in the light most favorable to Mr. Palms, the court finds that Mr. Palms failed to "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mr. Palms's failure to comply with Rule 8 deprived Mr. Austin of "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. The court therefore GRANTS Mr. Austin's motion to dismiss Mr. Palms's complaint for failure to state a claim upon which relief can be

//

granted. Fed. R. Civ. P. 12(b)(6). Consequently, the court DENIES as moot Mr. Austin's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

E.     **Leave to Amend the Complaint**

As stated, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *Bruns*, 122 F.3d at 1257. The court GRANTS Mr. Palms leave to amend his complaint.

In so doing, the court notes that Mr. Palms alleged additional facts in his motion to remand beyond what is contained in his complaint. (*See* MTR at 1-2.) As asserted in the motion to remand, Mr. Austin violated Local 19's standing rules 5.02 and 8.01 by speaking against the motion to compensate Mr. Palms and by "failing to notify" Local 19's Executive Board of his intention to speak against the motion. (*Id.*) Mr. Palms's motion to remand also changed his requested relief from $5000 to $3740. (*See* Compl. at 2; MTR at 2.) Although these facts were not properly pleaded in the complaint, the court notes that additional facts like those pleaded in the motion to remand would help Mr. Palms satisfy the pleading requirements discussed herein.

//
//
//
//
//

## IV. CONCLUSION

For the reasons set forth above, the court DENIES Mr. Palms's motion to remand (Dkt. # 8), GRANTS Mr. Austin's motion to dismiss (Dkt. # 3), and DENIES as moot Mr. Austin's motion for a more definite statement (Dkt. # 3). The court, however, GRANTS Mr. Palms leave to amend his complaint within 20 days of the date of this order.

Dated this 6th day of September, 2018.

JAMES L. ROBART
United States District Judge